**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LYNN KASSEM,

      Plaintiff,

v.                                                    Case No:  5:15-cv-623-Oc-30PRL

MATT MARTIN, DEBI CONNOR, DC
SALES & ENTERTAINMENT, LLC,
a Florida limited liability company, and
DC SALES AND MARKETING, LTD,
a foreign corporation,

      Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Matt Martin's Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement (Doc. 27), Plaintiff's response in opposition (Doc. 32), Defendants Debi Connor, DC Sales and Entertainment, LLC, and DC Sales and Marketing, Ltd, (collectively the "Connor Defendants") Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. 28), and Plaintiff's response in opposition (Doc. 33).  The Court, having reviewed the motions, responses, and relevant pleadings, and being otherwise fully advised in the premises, concludes both motions should be denied.

## DISCUSSION

Plaintiff initiated this action on December 16, 2015, filing a twelve count complaint against Martin and the Connor Defendants.  Plaintiff's claims arise out of Martin's

management of Plaintiff's Georgia-based horse farm and Plaintiff's arrangement with Martin to assist her in purchasing horses for her daughter and for investment purposes. (Doc. 1).   Defendants now argue that Plaintiff's complaint should be dismissed as insufficiently pled under Federal Rules of Civil Procedure 8(a) and 9(b) or that Plaintiff should be required to provide a more definite statement of her claims.  (Docs. 27, 28).

## I.    Shotgun Pleading

Martin and the Connor Defendants first assert that Plaintiff's complaint is a shotgun pleading and should be dismissed pursuant to Rules 8(a) and 9(b).  (Docs. 27, 28).  Rule 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). With respect to claims alleging fraud, Rule 9(b) directs: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Defendants contend that Plaintiff's complaint is a shotgun pleading because she incorporates sixty-five general allegations into each count and because the complaint contains several scrivener's errors, including, among others, mislabeling two counts as "Count IX" and referring to "Defendants" where the action of only one defendant is at issue.  Defendants are correct that the hallmark of a shotgun pleading is a complaint that does the following:

> begins with a long list of general allegations, names multiple defendants, all of whom are charged in each count with no distinction made among defendants, and reincorporates allegations of preceding counts such that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

*Gaviria v. Maldonado Bros., Inc.*, No. 13-60321-CIV, 2013 WL 3336653 (S.D. Fla. July 2, 2013) (citations omitted).  Plaintiff's complaint is admittedly quite long at 44 pages and 169 paragraphs, but it is not a shotgun pleading.  While it incorporates the sixty-five general allegations from the beginning of the complaint into each count, it does not incorporate allegations of preceding counts into each count.  Plaintiff also does not name multiple defendants in each count, except where necessary and relevant, with no distinction among defendants.

Defendants also complain of minor errors and inconsistencies in Plaintiff's complaint, including that Plaintiff referred to the horse City of Angels in the section discussing the horse Beau Chin (Doc. 1, ¶ 40), Plaintiff referred to "Defendants" in counts not directed at multiple defendants (Doc. 1, ¶¶ 45, 82, 93, 94, 124), Plaintiff requests damages that are unrecoverable, Plaintiff demands judgment against herself in one count (Doc. 1, ¶ 101), Plaintiff skipped paragraphs, repeated the numbering of other paragraphs, and mislabeled the counts.  (Docs. 27, 28).  A complaint need not be perfect to state a claim.  Rather, it must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  These deficiencies do not diminish the fair notice provided to Defendants of the claims and the grounds upon which they rest.  Defendants are therefore not entitled to dismissal under Rule 8(a).

Finally, Defendants assert that Plaintiff has not pled her fraud claims (Count III against Martin and Count VII against the Connor Defendants) with sufficient particularity under Rule 9(b).  (Docs. 27, 28).  To satisfy Rule 9(b)'s "particularity" standard, the

Eleventh Circuit has stated that a complaint must "identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[ed] by the alleged fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007)).

Defendants argue that Plaintiff has not alleged "precisely what statements were made" or the time and place of the misrepresentations. (Docs. 27, 28). However, Plaintiff does describe the misrepresentations that were made and the time and place the misrepresentations were made. Specifically, Plaintiff alleges that Martin made misrepresentations regarding (1) the market value of the horses City of Angels, Beau Chin, C Wonder, Beguiled, Monkey Man, Raleigh, Dijoli, and Icon, (2) the ownership of the horses Axel and Rosalie, (3) the sales price of Beguiled, (4) the soundness and suitability of the horses City of Angels, Beau Chin, C Wonder, Beguiled, Monkey Man, Raleigh, Dijoli, and Icon, and (5) the nature of his relationship with the Connor Defendants. (*Id.*, ¶ 86). With respect to the Connor Defendants, Plaintiff alleges that misrepresentations were made as to (1) the purchase price of the horse City of Angels, and (2) the sales price of Beguiled. (*Id.*, ¶¶ 118-33).

In the general allegations of the complaint, Plaintiff provides additional facts explaining the misrepresentations further. For example, with respect to the horse City of Angels, Plaintiff alleges that in May 2013 Martin recommended that Plaintiff purchase City of Angels from the Connor Defendants for $275,000 in Marion County, Florida. (*Id.*, ¶¶

4

26, 27).   Both Martin and the Connor Defendants told Plaintiff that the horse's price reflected its qualification for the International Hunter Derby finals.  (*Id.*).  Plaintiff asserts that this allegation was false because the qualification did not warrant the $275,000 purchase price.  Nevertheless, relying on the Connor Defendants and Martin's advice and experience, Plaintiff purchased City of Angels on June 1, 2013, for $275,000.

After Plaintiff purchased City of Angels, the horse began displaying signs of neurological and behavioral issues, and was later diagnosed with dorsal spinous process impingement, rendering the horse incapable of being ridden.  (*Id.*, ¶ 28).  Although the horse was covered by insurance, Plaintiff was only able to recover seventy percent of its value, resulting in a loss of $82,500.  (*Id.*, ¶ 29).  Plaintiff has identified both the misrepresentations that were made and the time and place of the misrepresentations.  These allegations are sufficient to satisfy Plaintiff's burden in alleging fraud under Rule 9(b).

## II.    More Definite Statement

Martin and the Connor Defendants next assert that Plaintiff's complaint is so vague and ambiguous that they are unable to prepare a response.  (Docs. 27, 28).  Federal Rule of Civil Procedure 12(e), which governs motions for a more definite statement, provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  However, motions for a more definite statement are disfavored under the law, and courts must remain mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure.  *See Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993).  A motion for a more definite statement will therefore be denied where the plaintiff's

complaint gives the defendants fair notice of the nature and basis of the claims as well as a general indication of the type of litigation involved. *Woods v. Valentino*, No. 5:05-cv-394-Oc-10GRJ, 2006 WL 1877102, at *3 (M.D. Fla. July 6, 2006). Here, Plaintiff's complaint is not so vague or ambiguous that Defendants are not provided fair notice of the nature and basis of the claims and a general indication of the type of litigation involved. Defendants are therefore not entitled to a more definite statement.

<u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.     Defendant Matt Martin's Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement (Doc. 27) is DENIED.

2.     Defendants Debi Connor, DC Sales and Entertainment, LLC, and DC Sales and Marketing, Ltd, (collectively the "Connor Defendants") Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. 28) is DENIED.

3.     Defendants shall file answers to Plaintiff's complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record