UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LYNN KASSEM,

    Plaintiff,

v.                                                            Case No: 5:15-cv-623-Oc-30PRL

MATT MARTIN, DEBI CONNOR, DC
SALES & ENTERTAINMENT, LLC and
DC SALES AND MARKETING, LTD,

    Defendants.

## ORDER

Lynn Kassem filed an 11-count First Amended Complaint ("FAC") (Doc. 55) against Matt Martin and the DC Sales Defendants[1] for claims arising from the sale or lease of 12 horses. Defendants answered, and Martin raised 37 affirmative defenses (Doc. 59, ¶¶ 164–200), and the DC Sales Defendants raised 19 (Doc. 58, pp. 12–16). Kassem moves to strike the affirmative defenses. Because the affirmative defenses are improperly pled, the Court strikes them.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" stricken from the record. But motions to strike are a disfavored, "drastic remedy."

---

[1] The DC Sales Defendants are Debi Connor, DC Sales & Entertainment, LLC, and DC Sales and Marketing.

*Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Accordingly, motions to strike affirmative defenses are usually denied, unless: (1) the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, *Harvey v. Home Depot U.S.A., Inc.*, No. 8:05-cv-936-T-24EAJ, 2005 WL 1421170 *1 (M.D. Fla. June 17, 2005), or (2) the affirmative defense fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1); *see Muschong v. Millennium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, *1 (M.D.Fla. Mar. 25, 2014); *but see Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-Orl-28TBS, 2015 WL 1524083, *1 (M.D. Fla. Apr. 24, 2015) (noting some division among courts in the Eleventh Circuit, but concluding that the *Iqbal/Twombly* pleading standard does not apply to affirmative defenses).

To be stricken, an affirmative defense must be insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong*, 2014 WL 1268574 at *1. Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials. *Id.* (citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012)).

Although a disfavored remedy, Defendants' affirmative defenses should be stricken—and Defendants should be given an opportunity to replead their affirmative defenses. A brief overview of the affirmative defenses, especially those of Martin, shows

2

them to be totally devoid of any factual support. This is the same sort of bare-bones affirmative defenses this Court has stricken in other cases as being insufficient as a matter of law. *See Slep–Tone Entertainment Corporation v. Dunn*, No. 8:12–cv–1440–T–30EAJ (M.D. Fla. Aug. 20, 2015) (noting that the one-sentence affirmative defenses that were subject of motion to strike were "insufficient as a matter of law because they do not meet the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.").

Since the affirmative defenses have to be repled in accordance with Rule 8, the Court declines to parse through them individually now to see whether the defenses should be stricken for other reasons. Counsel are strongly encouraged to reconsider whether each defense actually states an *affirmative* defense,[2] and, if so, to determine what facts if any are needed to properly plead the defense.

---

[2] The Court reminds all counsel who may one day read this order of some basic rules regarding affirmative defenses:

1. "An affirmative defense has been described as '[a]ny matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law.'" *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). Or, as described by the Florida Supreme Court, "an 'affirmative defense' is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements of the offense at all, it concedes them. In effect, an affirmative defense says, 'Yes, I did it, but I had a good reason.' " *State v. Cohen,* 568 So.2d 49, 51–52 (Fla.1990).

2. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

3. Regardless of whether *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) apply to affirmative defenses, they must be pled in such a way to provide "plaintiff fair notice of issues that may be raised at trial," so they must be more than boilerplate *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, No. 616CV728ORL31DAB, 2016 WL 4157211, at *1 (M.D. Fla. Aug. 2, 2016).

3

The Court writes further to address Kassem's counsel's Local Rule 3.01(g) certification—or lack thereof—with counsel for the DC Sales Defendants. Rule 3.01(g) provides in pertinent part:

> Before filing any motion in a civil case, … the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. …

Kassem's counsel satisfied neither the dictates nor spirit of this rule requiring a good faith conference. All the certification says is that "further consultation on these issues is at this point futile."

Regardless of what Kassem's counsel may subjectively believe about the futility of a future conference, counsel is not permitted to ignore this rule. Likewise, counsel for Defendants are instructed that this rule also places a requirement on them to confer in good faith with Kassem's counsel. That means when Kassem's counsel points out valid issues of law—like several of the affirmative defenses being insufficiently pled—Defendants' counsel are required to give good faith consideration to opposing counsel's position. All counsel are then expected to confer to see if a resolution can be reached without the need for involving the Court.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Lynn Kassem's Motions to Strike (Docs. 62 and 63) are GRANTED.

2. Defendant Matt Martin's affirmative defenses (Doc. 59) are STRICKEN. Defendant Martin may file an amended answer asserting proper affirmative defenses within fourteen (14) days from the date of this Order.

3. The DC Sales Defendants' affirmative defenses (Doc. 58) are STRICKEN. The DC Sales Defendants may file an amended answer asserting proper affirmative defenses within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of January, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5