## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

LYNN KASSEM,

     **Plaintiff,**

v.                                   **Case No: 5:15-cv-623-Oc-30PRL**

MATT MARTIN, DEBI CONNOR, DC
SALES & ENTERTAINMENT, LLC and
DC SALES AND MARKETING, LTD

     **Defendants.**

_____

### ORDER

On March 10, 2017, the District Judge granted Defendants' motion for an *ex parte* temporary restraining order ("TRO") and referred the motion for preliminary injunction to me. (Doc. 87).   On March 21, 2017, I conducted a hearing on the matter.

While initially requesting a preliminary injunction (both in their motion and at the hearing), Defendants concede that they have not yet filed a claim against Plaintiff related to the accessing of Debi Connor's email account, and thus, there is no basis (at this time) for a preliminary injunction.[1]   *See Alabama v. U.S. Army Corps of Engineers,* 424 F.3d 1117, 1127 (11th Cir. 2005) ("any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Vigna v. New York Life Insurance, Inc.,* No. 8:16-cv-1607-T-23JSS, 2016 WL 3748717 (M.D. Fla. June 21, 2016) (holding that petition for injunction failed because in absence of a

---

[1] Whether Defendant Connor or others have or should pursue a federal or state claim (either in a separate suit or as a counterclaim) against Plaintiff or her daughter (or others) is not itself before the Court and nothing here should be construed as an opinion as to the viability of such a claim, nor should these proceedings be interpreted as a stay of their obligations under the statute of limitations to file a claim.

complaint, Plaintiff could not establish a substantial likelihood of success on the merits); *Spearman v. Wyndham Vacation Resorts, Inc.,* 69 F.Supp.3d 1273, 1291-92 (N.D. Ala. 2014) (explaining that "any motion or suit for an injunction must be based upon a cause of action; and injunction is a type of relief rather than an independent cause of action").   However, the same result – i.e., the preservation of evidence and the opportunity to examine it – can be obtained through the issuance of a preservation order.  *See Martinick v. Media Visions, Inc.,* No. 13-61148-CIV, 2013 WL 12049083, *1 (S.D. Fla. November 21, 2013) ("Plaintiffs' counsel conceded at the evidentiary hearing that she was really seeking a preservation order to prevent the further destruction of evidence, rather than a preliminary injunction related to the merits of the underlying claims in this case").   Accordingly, and in the absence of objection at the hearing, I will enter this preservation order consistent with the language of the TRO.[2]

Even though Defendants have not filed a claim against Plaintiff, this Court, nonetheless, has the inherent authority to control the proceedings before it and investigate whether an abuse of process or fraud on the Court has occurred.  *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1335 (11th Cir. 2002).   Here, the evidence is sufficient to make a plausible showing that bad faith, on the part of Plaintiff at a minimum, has occurred.   Plaintiff concedes that her daughter, Alliah Kassem, accessed Ms. Connor's personal email account and that Plaintiff sent screenshots of emails obtained by her daughter to her lawyer's office.  (Doc. 92-1 at ¶¶19,

---

[2] While Mr. Chapman did not object to entry of a preservation order (and indeed began the hearing by proposing this course of action), he argued that he (and his firm) should not be included in the preservation order because he is otherwise obligated to preserve evidence as an officer of the Court. Given the concession that his law firm received screenshots of Ms. Connor's email, I find that the Order should also apply to him.  (Doc. 93 at ¶¶17, 18, 19).   In addition, there is no basis for his request that the preservation order also apply to Defendants and their counsel.

20; Doc. 93 at ¶¶17, 18, 19).[3]   Indeed, the evidence, including what was submitted to the Court at the hearing, shows that email messages dating back to 2012 were apparently accessed, retrieved, and shared with Plaintiff's counsel's office on at least three occasions – November 24, 2015, December 5, 2015, and January 22, 2015.   And all of this despite representations that paralegal, Taryn Hartnett, repeatedly advised Plaintiff not to access the email and that she never conferred with Mr. Chapman – her husband and the attorney of Plaintiff – regarding Plaintiff's conduct. Moreover, Nicole Imbriglio's testimony suggests that Plaintiff obtained access to Ms. Connor's email account before and during this litigation to harm Defendants and for litigation gain. (Statement of Nicole Imbriglio, Doc. 85 at 32-55).   Under these circumstances, it is appropriate and necessary for the Court to consider the scope of Plaintiff's access of Ms. Connor's email account and the extent to which that access has affected this litigation.

To that end, Defendants seek a five month stay of the underlying case and all deadlines and request the opportunity to conduct specific discovery on the issue.   (Doc. 94).   At the hearing, defense counsel acknowledged that he was unsure as to what discovery is necessary and requested leave to develop a discovery plan with the assistance of an expert.

Accordingly, it is **ORDERED**:

1. Defendants' motion (Doc. 85) is **GRANTED** to the extent that a preservation order, consistent with the language of the TRO is hereby entered:

---

[3] Plaintiff argues that she was entitled to access Ms. Connor's personal email account by virtue of an employment relationship.   According to Plaintiff, Ms. Connor borrowed Alliah Kassem's mobile phone to access her email account on June 3, 2015 while providing riding instruction to Alliah and again, one week later while acting as an agent for Plaintiff at a horse show.   (Doc. 92-1 at ¶¶17, 18).   Even if the purported work relationship allowed some degree of access, the evidence suggests that Plaintiff's access to Ms. Connor's email account was broad in scope (both substantively and temporally).

Plaintiff, Lynn Kassem; her husband, Mohammed Kassem; her daughter, Alliah Kassem; her counsel, Avery Chapman; and her counsel's paralegal/spouse, Taryn Hartnett are prohibited from the following acts:

a. The distributing, altering, erasing, disposing of or modification of any electronic date contained within cloud-based storage and/or on a SD card or SIM card, and/or any other form of internal/external storage, as used by the above individuals' respective cell phones as it relates to any communication between each other, or the witness, Ms. Imbriglio; and

b. The distributing, altering, erasing, disposing of or modification of any email communication stored electronically within owned and/or controlled computers, electronic devices, and/or on any internal/external electronic e-mail server; and

c. The distributing, altering, erasing, disposing of or modification of any of the devices or information/data contained thereon, as well as , to preserve all cell phones, SD cards, SIM cards, laptops, computers, internal/external servers or other electronic devices which in any way contain information, communications of any form, including but not limited to text messages, e-mails, instant messages or messages or data reflecting access to any electronic service or other communication media; and

d. The distributing, altering, erasing, disposing of or modification of all electronic communication media related to each named individual on any service to which they participate, subscribe, or have access to, such as Instagram, Facebook, Twitter, etc.; and

    e.   Taking any other action or permitting any other person to take any action with respect to the aforementioned data and devices which is reasonably likely to alter or modify the devices, any component parts or the contents contained therein.

    2.     Defendant's motion for stay (Doc. 94) is **GRANTED** as follows.   All discovery is **STAYED** at this time.   On or before **April 4, 2017**, Defendants shall consult with an expert and present to Plaintiff a proposed discovery plan.   On or before **April 21, 2017**, the parties shall confer and file a joint discovery plan, following which the Court will issue an Order regarding the scope and timeframe for discovery.

    3.     All other case deadlines remain in full force and effect pending further order of the Court.

    4.     Plaintiff's motion for protective order (Doc. 96) is **TERMINATED** since Mr. Chapman and Ms. Hartnett were not called as witnesses at the hearing on March 21, 2017.   To the extent the motion also refers to the possibility of future depositions, such motion is premature since the parties have not yet developed and submitted their discovery plan.

    5.     Plaintiff's motion for assurances of no suggestion of bankruptcy, certification of no bankruptcy and for bond and shifting of fees and costs for ESI discovery (Doc. 95) is likewise due to be **DENIED.**   As an initial matter, Plaintiff cites no legal authority to support her demand that the Connor Defendants provide assurances that they are not contemplating a bankruptcy filing. Moreover, Plaintiff's concerns regarding the cost of ESI discovery is premature since the parties have not yet developed and submitted their discovery plan.

**DONE** and **ORDERED** in Ocala, Florida on March 21, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties