UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LYNN KASSEM,**

    **Plaintiff,**

v.                                                                                               Case No: 5:15-cv-623-Oc-30PRL

**MATT MARTIN, DEBI CONNOR, DC
SALES & ENTERTAINMENT, LLC and
DC SALES AND MARKETING, LTD**

    **Defendants.**

## ORDER

As stated in the Court's prior Order (Doc. 115), the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The Court should "ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." *Id.*, 1993 Advisory Committee Notes.

In that same Order (Doc. 115, entered May 30, 2017) the Court created a concise, clear, and thoughtful 90-day discovery period (after the parties failed to agree on one themselves) to address the Plaintiff's unauthorized access to Defendant Debi Connor's personal email account. The Court endeavored to reign in the email dispute that was (and is) consuming this litigation, while also allowing for discovery that was consistent and proportional to the needs of the case (based, as the Court said, on what was known to it at the time). The Order allowed for email related discovery within a 90-day period and compelled specific disclosures within a 30-day window, with

depositions to occur in a 60-day window, and culminating (within 90 days – i.e., August 28, 2017) with the filing of a motion by Defendants for the relief sought.

Nicole Imbriglio and others were supposed to be deposed within 60 days of the Order. Imbriglio, who can fairly be described as the Defendants' witness, appears to have sat twice for her deposition (that is in addition to Defendants already questioning her on their own). Defendants, who now move to extend the Court's 90-day discovery period (Doc. 126), say that additional time is needed to further depose Imbriglio. They state that they have been unable to finish her deposition because of scheduling issues and the hurricane. In the meantime, Defendants did <u>not</u> depose Plaintiff or her daughter within the Court's 60-day period.[1] Nor did they depose Plaintiff's husband, who they also now seek additional time to depose, within the discovery period.[2]

Instead, at the close of the 90-day discovery period Defendants filed a motion to extend the email discovery period an additional 60 days. In other words, the motion for additional time to do some of the substantive discovery work that should have occurred during the first 60 days (e.g., the depositions of Plaintiff and her daughter) was only filed at the end of the 90-day period, and still sought 60 more days. It is difficult to understand why their depositions were not taken. Indeed, they were required to submit to the depositions within the 60-day window. (*See* Doc. 115). It wasn't optional for them; all the Defendants had to do was request them. That they chose not to because Imbriglio's deposition hadn't concluded (a witness the Defendants had already questioned

---

[1] "Alliah Kassem and Plaintiff shall submit, within the next 60 days, and at the request of Defendants, to a deposition. If either has already been deposed than that person's deposition shall be limited to questions related to the Connor email issue." (Doc. 115).

[2] "If during the next 90 days any additional discovery is sought by either party that the parties cannot otherwise agree to after good faith consultation with each other, the party may file an appropriate motion, setting out the nature of the discovery sought, to what end it is sought, and why the discovery is warranted under the factors set forth in Rule 26." (Doc. 115).

on their own and under deposition, and whose phone they already imaged) is nothing short of perplexing. Indeed, the management of time during this period is nothing short of perplexing.

No motions were made during the 90-day discovery period to alter the email discovery schedule. Plaintiff's counsel filed a meaningless notice of unavailability for certain dates, but such a notice compels absolutely no action by the Court. (Doc. 116). Indeed, it should have simply been stricken. Plaintiff tried to depose Defendants, but that was promptly denied. And the mediation deadline was reset at the request of the parties.

It does appear based on various filings (e.g., Doc. 129) that the parties may have agreed to set some of the depositions sought, and the Court notes that the Plaintiff did not file a timely response to the Defendants' motion for additional time. Accordingly, then, and for the reasons stated in the Court's prior Order (Doc. 115), as well as those stated here, Defendants' motion is granted, but only as follows:

1. Within 14 days from today, Plaintiff, Mohamad Kassem, and Alliah Kassem **shall submit**, at the request of Defendants, to a deposition. (If the individual has already been deposed in general discovery than that person's new deposition shall now be limited to questions related to the Connor email issue.)

2. Within 21 days from today, Defendants shall move, if they intend to seek sanctions or other relief on the email issue, the Court for their desired relief.

3. Further, the stay on general discovery is now lifted.[3]

**DONE** and **ORDERED** in Ocala, Florida on September 22, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Notably, this stay was created on March 22, 2017 at the request of Defendants to permit discovery on the Connor email issue, which as noted above, has consumed this litigation for the past six months. (*See* Doc. 98). At this point, it is time for the case to get back on track. Indeed, the District Judge recently set this matter for the March 2018 trial term. (Doc. 132).